**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6089**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WELDON BAKER, JR.,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:09-cr-00177-F-1)

———————

Submitted:  April 25, 2013            Decided:  April 30, 2013

———————

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Weldon Baker, Jr., Appellant Pro Se.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Shawn Robert Evans, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Weldon Baker, Jr., appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). We review for abuse of discretion a district court's decision on whether to reduce a sentence under § 3582(c)(2) and review de novo a court's conclusion on the scope of its legal authority under that provision. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). Finding no reversible error, we affirm.

In 2009, Baker pled guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). Baker was sentenced to the statutory mandatory minimum term of 120 months' imprisonment. In 2012, Baker, through counsel, sought a sentence reduction, arguing that had he been sentenced under the FSA, he would not have been subject to the 120-month mandatory minimum.

Baker, however, originally was sentenced before the enactment of the FSA. We previously have held that the FSA does not apply retroactively to offenders who, like Baker, were sentenced before its enactment. United States v. Bullard, 645 F.3d 237, 246-49 (4th Cir.), cert. denied, 132 S. Ct. 356

2

(2011).  Moreover, because Amendment 750 did not lower the applicable Guidelines range, the district court properly denied Baker's motion to reduce sentence.  See Munn, 595 F.3d at 187.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3